IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DESTINY JOHNSON, | * | |
| Plaintiff, | * | |
| v. | * | |
| EQUIFAX INFORMATION SERVICES LLC, | * | Civil No. 26-233-BAH |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Destiny Johnson ("Johnson" or "Plaintiff") brought suit against Equifax Information Services LLC ("Equifax" or "Defendant") alleging the violation of several provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. ECF 1. Pending before the Court is Equifax's motion to dismiss (the "Motion"). ECF 7. Johnson filed an opposition, ECF 12, and Equifax filed a reply, ECF 13. All filings include memoranda of law.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Equifax's Motion is **GRANTED**.

## I.   BACKGROUND

This dispute arises from Johnson's Equifax credit report, which Johnson alleges included "multiple tradelines containing inaccurate, incomplete, and internally inconsistent information." ECF 1, at 3 ¶ 15. Johnson identifies four accounts, including the last four digits of each account number, that were allegedly inaccurately reported. First, Johnson alleges that Equifax reported that a Discover Card "was ninety (90) days past due in February," but also reported "that the date

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

of last payment on this account was April 16, 2024." *Id.* at 4 ¶¶ 20–22.  According to Johnson, "[t]hese reported facts are facially inconsistent and cannot logically coexist." *Id.* ¶ 23.  Johnson alleges that she disputed the inconsistency with Equifax, but Equifax "failed to resolve the contradiction, failed to delete the tradeline, and continued to publish the inaccurate information." *Id.* ¶¶ 25–26.   Second, Johnson alleges that her Equifax credit report included inaccurate information about a second Discover Card account, including the "reported date of last payment" and "reported date of first delinquency." *Id.* ¶¶ 28–29.  Johnson alleges that she also disputed this inaccuracy with Equifax, and "Equifax failed to correct or delete the inaccurate information." *Id.* at 5 ¶¶ 31–32.  According to Johnson, the "inaccuracies materially misstate the age, severity, and impact of the alleged delinquency and adversely affect Plaintiff's credit profile." *Id.* ¶ 30.  Third, Johnson alleges that Equifax reported "inconsistent, inaccurate, and incomplete payment history information" regarding an American Express account. *Id.* ¶ 33.  Johnson "notified Equifax of the inconsistencies and inaccuracies," and Equifax "failed to correct, delete, or meaningfully investigate the disputed information." *Id.* ¶¶ 35–36.  Fourth, Johnson alleges her credit report includes a second American Express account that allegedly "lacks accurate and verifiable information necessary to ensure maximum possible accuracy." *Id.* ¶¶ 37–38.  She disputed this account with Equifax, and it "failed to correct or delete the inaccurate information." *Id.* ¶ 40.

Johnson asserts that she "timely submitted disputes to Equifax identifying the specific accounts at issue and explaining the specific inaccuracies and inconsistencies." *Id.* at 3 ¶ 17. According to Johnson, she "provided Equifax with sufficient information to identify the disputed tradelines and to conduct a meaningful reinvestigation." *Id.* at 4 ¶ 18.  Johnson alleges that "Equifax responded to Plaintiff's disputes by relying on automated or superficial verification methods rather than conducting a reasonable investigation." *Id.* at 5 ¶ 41.  She also contends that

2

"Equifax failed to review the underlying account information sufficiently to resolve the inaccuracies and inconsistencies identified by Plaintiff." *Id.* at 6 ¶ 42. As a result, Equifax allegedly "failed to correct or delete the inaccurate information," *id.* at 4 ¶ 19, and "continued to publish the inaccurate and incomplete tradelines to third parties after the disputes," *id.* at 6 ¶ 45. Johnson asserts she "suffered damage to her credit reputation," along with "emotional distress, frustration, anxiety, and loss of credit opportunities." *Id.* ¶¶ 46–47.

Plaintiff brings four claims under the FCRA: failure to follow reasonable procedures under § 1681e(b) (Count I); failure to conduct a reasonable reinvestigation under § 1681i(a)(1) (Count II); failure to delete inaccurate or unverifiable information under § 1681i(a)(4) (Count III); and failure to prevent continued reporting of inaccurate information under § 1681i(a)(5) (Count IV).

## II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's]

claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

Because Plaintiff brings this suit pro se, the Court must liberally construe her pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency has its limits, though. "A court may not construct the plaintiff's legal arguments for h[er], nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Runge v. Barton*, No. CIVA 6:08-0231-GRA, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); and then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd*, 368 F. App'x 361 (4th Cir. 2010).

## III.    ANALYSIS

### A.    Standing

Equifax bases its dismissal motion on Rule 12(b)(6) but also argues that Johnson lacks standing. ECF 7-1, at 10–11. Whether a plaintiff has standing to sue is a threshold inquiry for any lawsuit. *Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 597 (2007). "As the party seeking to invoke federal jurisdiction, Plaintiff[] bear[s] the burden of establishing standing." *In re Gerber Prod. Co. Heavy Metals Baby Food Litig.*, Civ. No. 121-269(MSN)(JFA), 2022 WL 10197651, at *4 (E.D. Va. Oct. 17, 2022) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To establish standing, a plaintiff must demonstrate that they have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000). The Court addresses standing at the outset, because if the Court "concludes that there is a lack of

4

Article III standing, it 'lacks the power to adjudicate the merits of the case.'" *Lowy v. Daniel Def.,
LLC*, 167 F.4th 175, 203 (4th Cir. 2026) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47,
54–55 (2d Cir. 2016)).

Equifax argues that Johnson fails to plead an injury-in-fact. ECF 7-1, at 10–11. Johnson
counters that "when inaccurate credit information is disseminated to third parties, the plaintiff
suffers a concrete injury closely related to the tort of defamation." ECF 12, at 4 (citing *TransUnion
LLC v. Ramirez*, 594 U.S. 413, 432 (2021)). She further contends that her allegations that "Equifax
prepared and disseminated consumer reports, that the inaccurate tradelines were capable of being
used in credit decisions, and that she suffered damage to her credit reputation, emotional distress,
and impairment of credit opportunities" are sufficient to establish injury-in-fact. *Id.*

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a
legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not
conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339. "[A] plaintiff may not satisfy the strictures
of Article III by alleging 'a bare procedural violation, divorced from any concrete harm.'"
*Edmondson v. Eagle Nat'l Bank*, 344 F.R.D. 72, 76–77 (D. Md. 2023) (quoting *Spokeo*, 578 U.S.
at 341). In order to show that they have suffered "an injury in fact," a plaintiff must establish a
"concrete and particularized" and "actual or imminent" "invasion of a legally protected interest."
*Lujan*, 504 U.S. at 560. An injury is "particularized" where it "affect[s] the plaintiff in a personal
and individual way." *Id.* at 560 n.1.

"The Supreme Court addressed standing for FCRA plaintiffs in *TransUnion LLC v.
Ramirez.*" *Simmons v. TransUnion, LLC*, 712 F. Supp. 3d 629, 634 (D. Md. 2024). "The Court
held that providing third parties with false and negative information on a credit report creates a
sufficiently concrete harm." *Id.* (citing *Ramirez*, 594 U.S. at 432). Here, Johnson contends that

Equifax "publish[ed] misleading credit information about Plaintiff to third parties." ECF 1, at 2 ¶ 6; *see also id.* at 3 ¶ 13 (alleging that Equifax furnished Johnson's consumer reports to third parties). She further alleges that she has suffered "damage to her credit reputation, emotional distress, frustration, anxiety, and loss of credit opportunities." *Id.* at 6 ¶ 46–47. Such allegations are sufficient to confer standing to proceed. *Cf. Simmons,* 712 F. Supp. 3d at 634 (finding a plaintiff had standing to bring FCRA claims where she alleged that the credit reporting agency disseminated inaccurate credit information "to various persons and credit grantors" and, as a result, suffered a "a loss of credit, loss of ability to purchase and benefit from credit, a negative effect on applications for future credit, and mental and emotional pain, anguish, humiliation and embarrassment of credit denial"); *see also Evans v. Am. Collection Enter.*, 624 F. Supp. 3d 593, 600 (D. Md. 2022) ("Although alleged dissemination to a third party is enough to constitute a concrete injury, this can also be shown by pleading facts demonstrating other real-world consequences of the underlying FCRA violation." (internal citation omitted)).

### B.  Failure to State a Claim

#### 1.  Shotgun Pleading

Equifax contends that Johnson's complaint is an impermissible "shotgun pleading" that is so "conclusory and vague that Equifax is unable to adequately respond to Plaintiff's allegations." ECF 7-1, at 7. "A 'shotgun pleading' is one that 'fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading . . . or [one in which] it is virtually impossible to know which allegations of fact are intended to support which claims for relief[.]'" *Baxter v. AmeriHome Mortg. Co., LLC,* 617 F. Supp. 3d 346, 351 (D. Md. 2022) (alteration in original) (quoting *Lee v. Meyers,* Civ. No. ELH-21-1589, 2022 WL 252960, at *11 (D. Md. Jan. 27, 2022)). Here, the complaint generally "contains a fact-based recitation, followed by the causes of action it alleges, with enough explanation within each cause of action to tie the factual allegations to the

6

alleged violations of law." *Id.* "That is all that is required[.]" *Id.*; *see also* Fed. R. Civ. P. 8(a)(2)–(3) (requiring a "a short and plain statement of the claim" along with "a demand for the relief sought").

Equifax contends that "no facts are pled by which Equifax could decipher which tradelines are allegedly false." ECF 7-1, at 7. But Johnson has provided some (albeit limited) information, including the last four digits of four account numbers regarding which she allegedly disputed inaccuracies. *See* ECF 1, at 4 ¶¶ 20, 27, at 5 ¶¶ 33, 37. Moreover, Equifax's characterization of Johnson's complaint as a shotgun pleading is undermined by the fact that Equifax "*did* meaningfully respond" to it. *Baxter*, 617 F. Supp. 3d at 351 (emphasis in original); *see also* ECF 7-1, at 4–6 (arguing for dismissal on three substantive grounds). Accordingly, dismissal is not warranted on this basis. *Cf. Baxter*, 617 F. Supp. 3d at 351 ("[N]othing demonstrates the adequacy of the [complaint's] general coherence better than Defendant['s] substantive responses to it.").

### 2. FCRA Claims

Johnson alleges four claims arising under the FCRA. "Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007) (first citing 84 Stat. 1128, 15 U.S.C. § 1681; and then citing *TRW Inc. v. Andrews*, 534 U.S. 19, 23 (2001)). "To this end, FCRA requires [consumer reporting agencies] to follow procedures in reporting consumer credit information that both 'meet[] the needs of commerce' and are 'fair and equitable to the consumer.'" *Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142, 147 (4th Cir. 2008) (alteration in *Saunders*) (quoting 15 U.S.C. § 1681(b)). A consumer reporting agency or "CRA" is defined by the FCRA as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing

7

consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f). Neither party disputes that Equifax is a CRA under the meaning of the statute. *See* ECF 1, at 3 ¶ 10. Equifax argues, however, that Johnson's claims fail "because the reporting was accurate, Equifax is not required to include all existing information, . . . and Plaintiff's allegations amount to pure speculation." ECF 7-1, at 4.

Johnson's claims fall into two buckets: failure to maintain "reasonable procedures to assure maximum possible accuracy," 15 U.S.C. § 1681e(a), and failure to conduct a "reasonable reinvestigation" of disputed information, *id.* § 1681i(a). *See* ECF 1, at 6–8 (alleging one claim arising under § 1681e and three claims under § 1681i). To state a claim under § 1681e, a plaintiff must show that "(1) the consumer report contains inaccurate information and (2) the [CRA] did not follow reasonable procedures to assure maximum possible accuracy." *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001). "To state a § 1681i claim, Plaintiff must allege '(1) that she disputed the accuracy of an item in her credit file; (2) the [credit reporting agency] failed to conduct a reasonable reinvestigation; and (3) that a reasonable reinvestigation by the [credit reporting agency] could have uncovered the inaccuracy.'" *Simmons*, 712 F. Supp. 3d at 635 (alterations in *Simmons*) (quoting *Alston v. Branch Banking & Tr. Co.*, Civ. No. GJH-15-3100, 2016 WL 4521651, at *10 (D. Md. Aug. 26, 2016) (alterations modified)). "Both [types of] claims require that [Johnson] allege an inaccuracy in her credit report." *Davis v. Trans Union LLC*, Civ. No. JRR-24-02338, 2025 WL 886173, at *4 (D. Md. Mar. 21, 2025) (alteration added). "A report is inaccurate when it is 'patently incorrect' or when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse [ ]' effect." *Dalton*, 257 F.3d at 415

8

(alterations in *Dalton*) (quoting *Sepulvado v. CSC Credit Servs.*, 158 F.3d 890, 895 (5th Cir. 1998)).

The facts alleged in the complaint are thin. Related to one of the Discover Card accounts, Johnson alleges that Equifax "reports that the date of last payment on this account was April 16, 2024," and "that the account was ninety (90) days past due in February." ECF 1, at 4 ¶¶ 21–22. However, Johnson does not assert that these reported facts are, themselves, incorrect—i.e., she does not deny that her account was 90-days past due in February, nor does she contest that she made a payment on April 16, 2024. ECF 12, at 2 (alleging that her credit report contains a "factual inconsistency"). Rather, she contends that the "reported facts are facially inconsistent and cannot logically coexist." *Id.* ¶¶ 23–24. But it is not apparent how these alleged inconsistencies impact the accuracy of her credit report or render it misleading such that it could be expected to have an adverse effect on Johnson. As such, absent additional facts explaining how these purported inconsistencies impacted the accuracy of Johnson's credit report, the Court is unable to draw a reasonable inference that they rendered the report inaccurate or misleading. *Cf. Edwards v. State Emps. Credit Union*, No. 4:26-CV-18-FL, 2026 WL 1618127, at *3 (E.D.N.C. May 4, 2026) (dismissing an FCRA claim because, among other reasons, it was "not apparent how Plaintiff's allegation about the date of execution of certain documents being inconsistent impacts the accuracy of her credit report"), *report and recommendation adopted*, No. 4:26-CV-18-FL, 2026 WL 1615467 (E.D.N.C. June 4, 2026).

Further, the facts related to Johnson's three other accounts are too vague to plausibly allege inaccuracy. Johnson provides conclusory allegations—without any factual detail—that the reporting related to her two American Express accounts was inconsistent and inaccurate. *See* ECF 1, at 5 ¶ 33 (alleging the first American Express account is reported "with inconsistent, inaccurate,

9

and incomplete payment history information"), at ¶ 37 (alleging the second American Express account is reported "inaccurately and incompletely"). Similarly, with respect to Johnson's second Discover Card account, she generally alleges that "[t]he reported date of last payment on this account is inaccurate" and "[t]he reported date of first delinquency is inaccurate and incomplete." *Id.* at 4 ¶¶ 28–29. These statements, without more, are insufficient to support a plausible inference that Johnson's credit report contains inaccurate information about those three accounts. *Cf. Ramirez v. LVNV Funding*, Civ. No. ABA-24-2335, 2025 WL 1665388, at *6 (D. Md. June 12, 2025) (finding a statement that "the date of account opening" was inaccurate was insufficient to state an FCRA claim). As Johnson fails to sufficiently allege an essential element of her FCRA claims, Equifax's Motion will be granted.

## IV.    CONCLUSION

For the foregoing reasons, Equifax's motion to dismiss is GRANTED.

A separate implementing order will issue.

Dated: July 15, 2026

_____/s/_____
Brendan A. Hurson
United States District Judge

10